MHN

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kevin P. Wheeler )
_____ )
_____ )
_____ )
_____ ) CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
)
v. ) 09CV5647
Itasca Fire Dist. No. 1 ) JUDGE BUCKLO
_____ ) MAGISTRATE JUDGE KEYS
_____ )
_____ )
(Name of the defendant or defendants) )

RECEIVED
9-11-2009
SEP 11 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1. This is an action for employment discrimination.

2. The plaintiff is Kevin Wheeler of the county of Will in the state of Illinois.

3. The defendant is Itasca Fire Dist. No. 1, whose street address is 520 W. Irving Park Rd, (city) Itasca (county) DuPage (state) Illinois (ZIP) 60143

(Defendant's telephone number) (630)-773-1223

4. The plaintiff sought employment or was employed by the defendant at (street address) 520 W. Irving Park Road (city) Itasca (county) DuPage (state) IL (ZIP code) 60143

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) May, (day) 22, (year) 2007.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not* ☒ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) October (day) 10 (year) 2007.

   (ii) ☒ the Illinois Department of Human Rights, on or about (month) October (day) 10 (year) 2007.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ **NO, but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____ (day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) June (day) 15 (year) 2009 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

   (a) ☐ failed to hire the plaintiff.

   (b) ☒ terminated the plaintiff's employment.

   (c) ☐ failed to promote the plaintiff.

   (d) ☐ failed to reasonably accommodate the plaintiff's religion.

   (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

   (f) ☒ failed to stop harassment;

   (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

   (h) ☒ other (specify): Segregated plaintiff from enjoying similar work activities as non-disabled employees.

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Plaintiff was discharged from employment on May 22, 2007 due to a medical condition, seizures, without the benefit of a medical evaluation. Respondent also cited plaintiffs previous charge of discrimination as reason for termination. Respondent re-hired plaintiff on May 25, 2007 until retermination on August 2, 2007.

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES ☒ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☒ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): cease and desist from continuing to harass, retaliate, or discriminate against individuals.

5

Additionally, plaintiff demands that Respondent follow policies that ensure compliance with law such as performing individualized medical evaluations and protecting patient privacy.

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Kevin Wheeler_

(Plaintiff's name)

_Kevin Wheeler_

(Plaintiff's street address)

_667 Turtledove Ln._

_New Lenox, IL 60451_

(City) _New Lenox_ (State) _IL_ (ZIP) _60451_

(Plaintiff's telephone number) (_815_) - _462_ _4678_

Date: _9/11/09_

EEOC Form 161 (2/08)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Kevin Wheeler<br>667 Turtledove Lane<br>New Lenox, IL 60451 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

CERTIFIED MAIL 7000 1670 0012 6740 8003

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2008-00534 | Amy Burkholder,<br>Investigator | (312) 353-8906 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*     **The Commission has ceased further processing of this Charge.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe,    6/10/09
District Director    (Date Mailed)

Enclosures(s)

cc:   **ITASCA FIRE PROTECTION**

TAKE UNIT

OCT 1 2 2007

RECEIVED
BY CND 10:22

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br>**Illinois Department of Human Rights** and EEOC<br>*State or local Agency, if any* | [X] FEPA<br>[X] EEOC | 2008CF1440 |

NAME *(Indicate Mr., Ms., Mrs.)*     HOME TELEPHONE (815) 462-4678
Kevin Wheeler

STREET ADDRESS: 667 Turtledove Lane    CITY, STATE AND ZIP CODE: New Lenox, IL 60451    DATE OF BIRTH: 9/15/1981

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

NAME: Itasca Fire Protection District #1, James MacArthur, individually and in his official capacity, The Board of Fire Commissioners of the Itasca Fire Protection District No.1, Patrick Dempsey, Kevin Boehne, Bill Robertson, individually and in their official capacity.

NUMBER OF EMPLOYEES, MEMBERS: +15

STREET ADDRESS: 520 West Irving Park Road    CITY, STATE AND ZIP CODE: Itasca, IL 60143    COUNTY: Du Page County

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box (es))*

[ ] RACE    [ ] COLOR    [ ] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN

[ ] RETALIATION    [ ] AGE    [X] DISABILITY    [ ] OTHER Pregnancy Act

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
5/10/2007 through 8/9/2007

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*

— SEE ATTACHED —

[x] I want this charge filed with both the EEOC and the IDHR. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 10/10/07    Charging Party: /s/ Kevin Wheeler

State of Illinois: SUBSCRIBED AND SWORN TO BEFORE ME THIS 10 DAY OF Oct, 2007.

NOTARY SIGNATURE: /s/ Alma B. Casas

"OFFICIAL SEAL" Alma B. Casas

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

/x/ Kevin Wheeler    10/10/07
SIGNATURE OF COMPLAINANT    DATE

Sworn to and subscribed to before the undersigned notary public in and for said jurisdiction this ___ day of _____, 200__.

My commission expires: / /

DEPT. OF HUMAN RIGHTS
INTAKE UNIT

OCT 1 2 2007

RECEIVED
BY CND 10:22

**CLAIMANT: KEVIN WHEELER**

**RESPONDENT:** Itasca Fire Protection District No. 1, James MacArthur, individually and in his official capacity, The Board of Fire Commissioners of the Village of Itasca, Patrick Dempsey, Kevin Boehne, Bill Robertson, individually and in their official capacity.

## Charge of Discrimination

### I. CLAIMANT WAS TERMINATED BECAUSE OF HIS DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT (ADA).

#### A. Claimant is disabled within the meaning of the ADA

1. Claimant is an individual that has a Partial Simple Seizure disorder.

2. Claimant takes a daily dose of Depakote to prevent seizure breakthrough.

3. Claimant Partial Simple Seizure disorder does not limit any major life activities.

4. Claimant has a disability pursuant to the ADA because his former employer regards Claimant as having an impairment that substantially limits one or more of the major life activities of the Claimant.

5. Claimant is a "qualified individual with a disability" because with or without reasonable accommodation, Claimant can perform the essential functions of the employment position as a Firefighter/Paramedic.

6. Respondent performed an exhaustive background check, including but not limited to, multiple medical examinations, to determine that Claimant had the proper training, skills and experience prior to being hired to determine if Claimant is a "qualified individual with a disability".

7. Claimant was hired as a Firefighter/Paramedic by the Itasca Fire Protection District No. 1 on August 28, 2006 and remained an active employee until he was terminated on or about July 31, 2007.

#### B. Claimant met his employer's legitimate expectations.

8. While employed at the Itasca Fire Protection District, Claimant successfully performed all his duties as a Firefighter/Paramedic as can be collaborated by his Candidate Firefighter Monthly Progress Reports.

1

### C. The following facts indicate that Claimant was discriminated against in violation of the ADA.

9. On May 1, 2006, while on duty, Claimant responded to an emergency call and was required to perform chest compressions on a woman in cardiac arrest. During this call, Claimant noticed involuntary shock-like jerks of his shoulder. The generalized jerking motion lasted only seconds. Claimant did not lose consciousness during and/or after the myoclonic episode and there was no damage as a result of his uncontrolled shoulder jerks.

10. On May 1, 2007, shortly after the myoclonic episode, Claimant went to Alexian Brothers Medical Center- Elk Grove Village, IL emergency department for an evaluation.

11. On May 1, 2007, at the emergency room it was noted in Claimant's medical records that Claimant had missed one dose of his prescribed medicine; Depakote. Also noted in the record was that the Claimant's myoclonic episode lasted a split second and caused upper body jerking, but there was no Aura and no grand mal seizure.

12. Following his emergency room evaluation, on May 2, 2007, Alexian Brothers emergency department physician, Dr. Krohse, ordered Claimant off-work until he was cleared by a neurologist.

13. On May 7, 2007, Claimant presented to Dr. Henry C. Echiverrie, a neurologist at Neuromed Clinic LLC, for a follow-up care evaluation. It was noted by Dr. Echiverri that he did not believe that Claimant had a seizure in spite of his low level of Depakote. Dr. Echiverri emphasized in his notes that for the type of seizure that Claimant has, it is normal to expect him to have myoclonic jerking around time of awakening from sleep and/or when he is about to fall asleep.

14. On May 7, 2007, Dr. Echiverrie released Claimant back to work on May 10, 2007 without restrictions.

15. On May 10, 2007, Claimant was not allowed to return to work, but was ordered to stay off work until and EEG and MRI could be scheduled with an occupational doctor, Dr. Newberg.

### D. Claimant was discharged for having a medical condition and then subsequently reinstated to his position.

16. On May 22, 2007, Claimant received a phone call from Chief MacArthur of the Itasca Fire Department at 1350 hours and he told the Claimant that "the medical information that he learned from Dr. Newberg did not look good." In addition, Chief MacArthur stated that because of that information he received from Dr. Newberg he was going to immediately discharged Claimant from work as a Firefighter/Paramedic at Itasca Fire Department.

2

17. Interestingly, prior to that May 22, 2007 phone call, Claimant had never been examined by Dr. Newberg. In fact, at that time, Dr. Newberg had not even discussed Claimant's medical conditions with Claimant's neurologist, Dr. Echiverri.

18. Confused by the reason for his termination, On May 22, 2007, Claimant called Dr. Newberg to inquire at how he had arrived at his medical conclusion without a physical examination or without reviewing his medical records held by Dr. Echiverri.

19. On May 23, 2007, Karen Perry Administrative Assistant for the Itasca Fire Protection District No. 1, notified Blue Cross-Blue Shied (" BCBS") of Kevin Wheeler's termination from the Itasca Fire Department.

20. As a result of Claimant being terminated on May 22, 2007, he was offered COBRA and paid $1803.10 to maintain his own insurance for two consecutive months.

21. On May 25, 2007, Karen Perry, Administrative Assistant for the Itasca Fire Protection District No. 1 notified BCBS that insurance that Claimant's insurance at BCBS was to be reinstated as if he had never been terminated.

22. On May 25, 2007, Chief MacArthur telephoned Claimant at his home and notified him that he was going to be reinstated pending a full neurologic examination and warned Claimant that he must be compliant in submitting to the requisite physical examinations ordered by the Chief.

### E. Claimant was compliant with all of Employer's requests for medical examinations

23. On June 5, 2007, Claimant presented for to have an MRI of his brain taken. The results the results were unremarkable.

24. On June 6. 2007, Claimant presented to have an EEG of his brain performed. A normal impression was noted.

25. On June 19, 2007, Claimant presented to Donald T. Kuhlman for a neurological examination. Dr. Donald Kuhlman stated that in his opinion Claimant had an episode of myoclonus. In addition, Dr. Kuhlman opines that with proper medication Claimant can work safely.

### F. After complying with all required medical examinations, Claimant is medically cleared to go back to work without restrictions.

26. On July 9, 2007, Dr. Joseph Newberg, the Itasca Fire Protection District No.1 physician, from Alexian Brothers Corporate Health Services ("Dr. Newberg") medically cleared Claimant to return to work without restrictions.

3

27. On July 12, 2007, per requests from Chief MacArthur, Dr. Newberg faxed a copy of Claimant's work release to Chief MacArthur.

28. On July 13, 2007, Chief James D. MacArthur notified Claimant that he was cleared to go back to work. However, Claimant is not returned to regular duty; rather he is assigned a desk 40-hour week shift assignment and not allowed to respond to emergency calls.

29. On July 17, 2007, Dr. Joseph Newberg, the fire department physician dictates a report regarding his medical findings to Chief MacArthur. Statements made in this report are inconsistent with any of the available medical records.

### G. Claimant is terminated for the second time.

30. On July 24, 2007, Chief James MacArthur sends a confidential notice of interrogation to be conducted on July 31, 2007.

31. On July 31, 2007, a hearing taken at the Itasca Fire Protection District No. 1 with Chief Macarthur present is conducted.

32. On August 9, 2007, a Notice of Termination is signed by Patrick Dempsey Chairman of Itasca Fire Protection District, and initialed by Chief James MacArthur and is delivered to Claimant.

33. The termination notice contained allegations not supported by medical records and contained accusations and conclusions that were mere pretext to conceal discriminatory purpose.

34. The events that unfolded since Claimant had a myoclonic event the evening of May 1, 2007 indicate that it is more likely than not that the reason for Claimant's termination is because Chief MacArthur has irrational fears and misperceptions about myoclonic jerking.

## II. __CLAIMANT WAS DISCRIMINATED AGAINST IN VIOLATION OF THE ADA BECAUSE OF PREJUDICE, STEREOTYPE AND UNFOUNDED FEAR INSTIGATED BY CHIEF MACARTHUR OF THE ITASCA FIRE PROTECTION DISTRICT NO. 1.__

35. The Notice of Termination concludes that Claimant had a seizure. Claimant's medical records support the fact that he merely had an episode of myoclonic jerks.

4

36. The Notice of Termination irrationally concludes that if Claimant had "a seizure during a fire or driving the consequences could have been disastrous." However, that conclusion is based on unfounded fear in violation of the ADA.

37. The Notice of Termination concludes that Claimant missed at least two doses of medicine, but that conclusion is not based on fact. That statement is a self-serving argument that Chief MacArthur used to terminate Claimant because of his own irrational fear and prejudice.

38. The Notice of Termination states that by failing to take his medication, Claimant put members of the District at "grave risk". That statement is riddled with misperceptions regarding the physical impact of what a person experiences during an episode of myoclonic jerks.

39. The Notice of Termination disregards Claimants statements that he missed one dose of medicine and erroneously concludes that he missed at least two (2) days worth of medicine and then labels the Claimant as being dishonest.

40. The Notice of Termination is riddle with irrational fear and misperceptions about Claimants disability which has created a situation more debilitating than Claimants impairment.

41. Claimant was discriminated against in violation of the ADA.

## III. CLAIMANT WAS TERMINATED IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT FOR AN IRRATIONAL FEAR OF CLAIMANT'S SEIZURE DISORDER.

42. Claimant does hereby repeat, re-allege and incorporate by reference as paragraphs 1-34 of Count I and paragraphs 35-41 of Count II as paragraph 42 of Count III.

43. Claimant is handicapped under the Illinois Human Rights Act ("IHRA") since Respondent perceives his medical condition, seizure disorder as a handicap.

44. Respondent is a public employer subject to the provisions of the IHRA

45. Claimant is an aggrieved party eligible to file a charge under the IHRA.

46. Claimant experienced unlawful discrimination after he had an episode of myoclonic jerks while on-duty as a firefighter.

5

47. Respondent terminated Claimant articulating reasons for his termination that were beyond the scope of the facts and were mere pretext.

48. Bias against the handicapped Claimant more than likely motivated Respondent to terminate Claimant from his position as Firefighter/Paramedic.

49. Respondent violated the Illinois Human Rights Act by terminating his employment and using unfounded facts as a basis for his termination.

Respectfully submitted,

By: /s/ Ann O'Connell
Ann O'Connell

Ann O'Connell
The Law Office of Ann O'Connell
20065 N. Rand Road
Palatine, IL 60074
(847) 934-5600 (phone)
(847) 934-5603 (fax)