**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN P. WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: 09-5647 |
| v. ) | |
| ) | Honorable Elaine E. Bucklo |
| THE ITASCA FIRE PROTECTION ) | |
| DISTRICT NO. 1, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT THE ITASCA FIRE PROTECTION DISTRICT NO. 1'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES, Plaintiff, KEVIN P. WHEELER ("Wheeler"), by and through his attorneys, for his Response In Opposition to Defendant THE ITASCA FIRE PROTECTION DISTRICT NO. 1's ("Defendant") Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), and in support thereof, hereby states as follows:

**Introduction**

Itasca's Motion to Dismiss Pursuant to FRCP 12(b)(6) argument rests solely upon its mistaken belief that the four-part test outlined in *Jones v. Madison Service Corp.*, 744 F.2d 1309 (7th Cir. 1984) is satisfied. The conjunctive test outlined in *Jones* states:

> The 90-day period [of limitation set forth in 42 U.S.C. § 2000e-5(f)(1)] commences when the attorney receives the letter as long as the following facts are undisputed: (1) the attorney did in fact represent the claimant at the time the letter was received, (2) the EEOC was notified of that representation by either the claimant or the attorney, (3) the attorney did in fact receive the letter, and (4) *the date on which the letter was received [by the attorney]*.

*Id.* at 1313-1314 (emphasis added).

In order for Itasca to succeed under this test, it requires, much like a Motion to Dismiss Pursuant to FRCP 12(b)(6), that the facts be *undisputed*. *Id.* Itasca's failure to establish the date upon which Wheeler's former attorney, Ann O'Connell ("O'Connell"), actually received the Notice of Right to Sue letter ("Notice"), defeats its reliance upon the test outlined in *Jones* and establishes that Itasca's Motion to Dismiss Pursuant to FRCP 12(b)(6) is inappropriate.

## Standard of Review

The United States Supreme Court has recently declared that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 29 S. Ct. 1937, 1949 (2009) (internal citations removed). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged … [and that there is] more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Argument

I.   **Itasca's Motion to Dismiss Pursuant to FRCP 12(b)(6) Should Be Denied Because There Exists a Genuine Issue of Material Fact As to When the Notice Was Actually Received**

Itasca has incorrectly asserted that the date the Notice was received is undisputed. To the contrary, this fact has not been determined.

As explained in *Jones*, a right-to-sue letter was sent by certified mail to the address the plaintiffs had given to the EEOC, but it was never received. At the same time, copies were sent to the plaintiffs' attorney by regular mail and without containing the original signature of the

EEOC's Director. The court specifically warned against the dangers of receipt by a third party, stating that the "receipt of a right-to-sue letter by a third party, perhaps one unfamiliar with the situation or one who would not even read the letter, leads to the risk that a claimant could remain in ignorance of his rights until the time to sue had past." *Jones*, 744 F.2d at 1312.

While O'Connell eventually received the Notice, the actual date of receipt by her is unknown. (See **Exhibit A**, ¶ 8).[1] What *is* known is that O'Connell did not sign for the Notice on June 11, 2009. Itasca's Motion makes an unsupported assumption that O'Connell actually signed for receipt of the certified mail. (Mtn. ¶¶ 3, 8).[2] However, this is false. According to Itasca's own Exhibit 1, the "Signature of Recipient" was an "M.L. Price" and *not* an "Ann O'Connell". Unlike *Jones*, "M.L. Price" was the one who received the Notice, an unknown third-party and not the Plaintiff's attorney – the very fear that the court in *Jones* had warned about. In addition, M.L. Price does not and did not work for O'Connell or in her office on June 11, 2009. (**Exhibit A**, ¶¶ 6-7). Given the disputed date and receipt, Itasca has failed to satisfy the *Jones* test.

Also, Itasca's Exhibit 1 to its Motion to Dismiss provides that the Notice was delivered on June 11, 2009 in *Palatine*, Illinois. However, O'Connell's office is located in Inverness, Illinois – not Palatine. (**Exhibit A**, ¶ 2). Further, Itasca's motion does not provide any evidence that O'Connell personally received the Notice on June 11, 2009. *See*, *Thomas v. KATV Channel 7*, 692 F.2d 548 (8th Cir. 1982) (Receipt of the letter by an attorney can satisfy the statutory requirement when two conditions are met…(2) whether the receipt is personally acknowledged by the designated representative).

---

[1] **Exhibit A** is the Affidavit of Ann O'Connell which is attached hereinafter and is incorporated herein.
[2] Mtn. __, refers to Itasca's Motion to Dismiss Plaintiff's Complaint.

{F:\WPDOCS\10056\11221/00154416.DOC;}

Furthermore, in *Irwin v. Dept. of Veterans Affairs*, 111 S. Ct. 453, 456 (1990), the Supreme Court noted that FRCP 5(b)(1) allows notice to a complainant to be made when the Notice is delivered to the office of the complainant's attorney. That is not the case that this court is faced with, as the Notice was delivered to an unauthorized third party within the *building* and not to O'Connell's *office*.

Also, in *Jones*, the court examined other cases in which an attorney would be deemed receipt by the claimant. *Jones*, 744 F.2d at 1312-13. However, in those cases each of the attorneys specifically requested that the right-to-sue letter be sent to them. *See, Gonzalez v. Stanford Applied Engineering*, 597 F.2d 1298 (7th Cir. 1979) (Attorney requested the letter by sent to him on his client's behalf); *Thomas*, 692 F.2d 548 (Attorney requested that a copy of the letter be sent to him); *Minor v. Lakeview Hospital*, 421 F.Supp. 485 (D.C. Wis. 1976) (Attorney notified EEOC that all future correspondence to his client be served upon him directly at his office or that copies be mailed to him). Unlike those cases, Itasca's motion is silent as to this requirement. The EEOC, however, despite addressing the Notice to Wheeler's home address, never sent the original or a copy to Wheeler. (See Exhibit 1 to Itasca's Motion; See **Exhibit B**, ¶ 4; **Exhibit C**, ¶ 3).[3]

Instead, the facts surrounding delivery in the present case are far more analogous to *Ish v. Arlington County Virginia*, 918 F.2d 955, 1990 WL 180127 (4th Cir. 1990) (unpublished). In *Ish*, the court specifically noted that "an employee of [the complainant's] landlord received the notice. [The complainant] in no way appointed the landlord's employee to receive notice for her." *Id.* at *2. Even if "M.L. Price" was an employee of the landlord that signed for the Notice,

---

[3] **Exhibit B** and **Exhibit C** are the Affidavits of Kevin Wheeler and Julieanne Wheeler, respectively and are attached hereinafter and incorporated herein.

neither Wheeler nor Wheeler's attorney appointed "M.L. Price" to receive notice for them. (See **Exhibit A**, ¶ 7)

Therefore, as a question of material fact remains, Itasca's Motion to Dismiss Pursuant to FRCP 12(b)(6) should be denied.

## Conclusion

WHEREFORE, Plaintiff, KEVIN P. WHEELER, respectfully requests this Court deny Defendant THE ITASCA FIRE PROTECTION DISTRICT NO. 1's Motion to Dismiss Pursuant to FRCP 12(b)(6) and to grant such other relief in favor of KEVIN P. WHEELER as this Court deems just and proper.

Respectfully submitted,

WOLIN, KELTER & ROSEN, LTD.

By: s/ Harry Channon
Attorneys for Plaintiff
KEVIN P. WHEELER

Charles R. Franklin
Harry O. Channon
WOLIN KELTER & ROSEN, LTD.
55 W. Monroe Street, Suite 3600
Chicago, IL 60603
(312) 424-0600