

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEVIN P. WHEELER, )<br>    Plaintiff )<br> )<br>v. )<br> )<br>THE ITASCA FIRE PROTECTION )<br>DISTRICT NO. 1 )<br>    Defendants. ) | Case Number: 09 cv 5647<br><br>Honorable: Bucklo |

### HIPAA QUALIFIED PROTECTIVE ORDER

This matter having come to be heard on the motion of THE ITASCA FIRE PROTECTION DISTRICT NO. 1, for the entry of a HIPAA Qualified Protective Order, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED as follows:

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter be hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to KEVIN P. WHEELER to the extent and subject to the conditions outlined herein.

(2) For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could b expected to identify the individual.

(3) All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to KEVIN P. WHEELER to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4) The parties and their attorneys shall be permitted to use the PHI of KEVIN P. WHEELER in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reports, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5) At the conclusion of this litigation (which shall be defined as the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted), any person or entity in possession of PHI pertaining KEVIN P. WHEELER (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI in their possession or returned to the provider at the end of the litigation.

(6) This order shall not control or limit the use of protected health information pertaining to KEVIN P. WHEELER that comes into the possession of any party or any party's attorney from a source other than a "covered entity", (as that term is defined in 45 CFR 160.103).

(7) Nothing in this Order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this Order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/1 et seq.), the AIDS Confidentiality Act (410 ILCS 305/1 et seq.), or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and

290ee-3, and 42 CFR Part 2). Absent a <u>Morgan</u> exception, the indices of <u>Petrillo</u> are not waived by this Order.

ENTERED:

*Elaine E Bushl*
_____
Judge

DATED: 3/15/10

Stephen H. DiNolfo
Tim Hoppa
Ottosen Britz Kelly Cooper & Gilbert, Ltd.
1804 N. Naper Blvd. – Suite 350
Naperville, IL 60563
(630) 682-0085 – Phone
(630) 682-0788 – Fax