IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN P. WHEELER,<br>　　Plaintiff | ) ) ) | |
| v. | ) ) | Case Number: 09 cv 5647 |
| THE ITASCA FIRE PROTECTION<br>DISTRICT NO. 1<br>　　Defendant. | ) ) ) ) | Honorable: Bucklo |

## PROTECTIVE ORDER

By Motion of the Defendant, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to preserve and maintain the confidentiality of certain documents produced by the Plaintiff, Kevin Wheeler ("Plaintiff") and the Defendant, Itasca Fire Protection District No. 1 ("Defendant") during discovery in the above-captioned matter, IT IS HEREBY ORDERED THAT:

　　1.　For purposes of this Order, "Confidential Documents" are all documents produced during discovery in this litigation that contain potentially sensitive personal and confidential information about the Plaintiff. This includes, without limitation, closed session meeting minutes of the Board of Trustees of the Itasca Fire Protection District No. 1, Plaintiff's confidential medical records, psychiatric records, expunged criminal records, employment records, training records, application records, personnel files, income tax records, W-2 forms, 1099 forms, pay-check stubs, work schedules, etc. Nothing in this Order shall be construed to bar the Defendant from complying with the law as it pertains to access to Public Records.

　　2.　Counsel for both parties shall act in good faith to designate documents subject to this Order and each page of such documents shall be marked "*Confidential Pursuant to Court Order*".

　　3.　Any disclosure to be made of Confidential Documents or any of the information contained in such documents shall be governed by the provisions of this Order.

　　4.　In connection with this Order, "*to disclose*" shall mean to disclose, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate information, whether or not pursuant to request, interrogatory or process.

　　5.　Counsel for each party may copy and retain confidential documents solely for purposes of this litigation, and will not disclose any confidential documents or their contents

1

to any other person or entity except as follows:

    a. The Parties, **_within the control group only_**, and only to the extent necessary for their attorneys to advise and consult with them for the purposes of this action. For all purposes associated with this prohibition, the parties agree to observe the definition of "control group" set forth in *Medical Waste Techs. v. Alexian Bros. Med. Ctr.*, 1998 U.S. Dist. LEXIS 10104 (N.D. Ill. June 23, 1998) citing *CNR Invest., Inc. v. Jefferson Trust & Sav. Bank*, 115 Ill. App. 3d 1071. Counsel for each party shall prohibit their client from retaining copies of confidential documents; and

    b. To witnesses during a deposition to elicit testimony, or to the extent necessary to prepare for deposition; and

    c. To expert witnesses or consultants employed by the parties, but only to the extent necessary to prepare and render an opinion in this action; and

    d. To this court, the trier fact, pursuant to a court filing in connection with this action, and in any appeal there from, provided that if a party intends to include a confidential document in a court filing in connection with this action, that party's counsel shall give opposing counsel written notice which identifies the confidential documents to be filed at least five (5) business days prior such filing to ensure a reasonable opportunity to seek court approval to have such confidential documents filed under Seal if the non-moving party deems it necessary. No filing under Seal or any other designation as a restricted document is to be permitted without previously obtained court approval, and it shall be incumbent on the party seeking to protect the confidentiality of any found materials to seek such approval prior to filing.

    6.    All disclosures authorized by this Order shall be solely for the use of the purposes of this action.

    7.    The persons to whom disclosure is authorized shall be instructed of the contents of this protecting order and shall not disclose confidential documents or the information contained in such documents, directly or indirectly or in any manner whatsoever, to any other person or entity not within the scope of this case. The persons to whom disclosure is made shall be provided a copy of this Order and sign a brief affidavit acknowledging their understanding of its force and effect. By mutual agreement, the parties may redact the following information from any document before producing the document:

social security numbers except for the last four numbers, brokerage account numbers, bank-account numbers, credit-card numbers, mother's maiden name, user names, passwords, and pass codes.  If a redaction prevents or hinders the receiving party from identifying the person(s) that the document refers to, then that person shall be identified by name or in any consistent manner across documents (e.g., "employee 1").

8. A document mistakenly produced or disclosed by a party without a confidential designation may be subsequently designated by the party as "Confidential," by giving the other party written notice that such document should be designated as *Confidential Pursuant to Court Order*".  Any good-faith disclosure of such materials by the other party prior to receipt of such notice of the confidential designation shall not constitute a violation of this Order.

9. Within thirty (30) days after conclusion of this action by judgment and expiration of date for appeal or exhaustion of appeal, or by compromise and settlement, all confidential documents and any copies thereof in possession of each party's counsel shall be destroyed, and each party's counsel shall certify in writing that all such confidential documents and copies thereof have been destroyed in compliance with this Order.

10. Nothing in this Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

11. Nothing in this Order is a waiver of any other discovery or evidentiary objection or a requirement that any document or information be produced.

**ENTERED**:

_____
Hon. Elaine E. Bucklo